## IN THE COUNTY CIVIL COURT OF THE
## 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

BEVERLY DORCENA,

     Plaintiff,                        CASE NO.:

v.

POLLACK & ROSEN, P.A.,

     Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff BEVERLY DORCENA alleges violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1691 *et seq.* ("FDCPA") against Defendant, POLLACK & ROSEN, P.A., for deceptive and illegal debt collection practices.

### PARTIES

1.     Plaintiff is a natural person who resides in the Miami, Florida.

2.     Defendant is a law firm that collects debts on behalf of third parties and operates from an address of 806 Douglas Road, Suite 200, Coral Gables, FL 33134. Defendant collects debts from consumers throughout the United States, including in Miami, Florida. (*See* www.pollackrosen.com)

### JURISDICTION AND VENUE

3.     Jurisdiction of this Court arises under the 15 U.S.C. § 1692 *et seq*.

4.     Venue is proper because the alleged acts and transactions complained of occurred here; the Defendant transacts and/or conducts business here; and Defendant illegally attempted to collect a debt from Plaintiff within this venue.

## FACTUAL ALLEGATIONS

5.    Defendant sued Plaintiff on behalf of a third party for an alleged student loan debt in default.

6.    Plaintiff retained Neema Desai, Esq. to defend her in the lawsuit Defendant filed.

7.    Attorney Desai filed a notice of appearance in the debt defense case and further communicated directly with Defendant, advising of Plaintiff's representation.

8.    Defendant knew Attorney Desai represented Plaintiff regarding the alleged defaulted student loan debt.

9.    As such, Defendant was proscribed from having direct contact with Plaintiff.

10.    On or about February 16, 2016, Defendant sent a Notice of Deposition directly to Plaintiff's residence.

11.    In the notice, Defendant stated that "if the Defendant [Dorcena] wishes to settle this matter prior to the above date, the Defendant [Dorcena] may contact the undersigned's office at (305) 448-0006."

12.    Plaintiff was angered and distraught that Defendant communicated with her after knowing counsel represented her.

13.    At all material times, Defendant knew of Plaintiff's representation, and had on hand Attorney Desai's name, address and telephone number.

14.    At no time did attorney Desai fail to respond to any of Defendant's communications, nor did attorney Desai consent to Defendant contacting Plaintiff directly.

## COUNT I AS TO DEFENDANT'S VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT § 1692c

15.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay for personal student loan debts.

16.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another, and holds itself out as a debt collector as referenced infra.

17.     Defendant attempted to collect a debt as defined by 15 U.S.C. § 1692a(5) because Plaintiff was allegedly obligated to pay a debt for personal student loans.

18.     Defendant had actual knowledge that Plaintiff was represented by counsel, yet Defendant directly communicated with Plaintiff in an attempt to collect a debt.

19.     Defendant harmed Plaintiff by breaching her right to be free from debt collector contacts and undermining the Plaintiff's relationship with Attorney Desai.

20.     Defendant violated the FDCPA 15 U.S.C. § 1692c when it communicated with Plaintiff after knowing Attorney Desai represented Plaintiff.

21.     Defendant is liable to Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq.*

### Relief Requested

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant for all of the following:

A.  Actual damages;

B.  Statutory damages pursuant to 15 U.S.C. § 1692k;

C.  Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

D.  Such other and further relief as the Court may deem to be just and proper.

E.  Plaintiff respectfully demands trial by jury in this action.

Dated: January 19, 2017                    Respectfully submitted,

                                           s/ Darren R. Newhart
                                           Darren R. Newhart, Esq.
                                           Florida Bar No.: 0115546
                                           E-mail: darren@cloorg.com
                                           J. Dennis Card Jr., Esq
                                           Florida Bar No.: 0487473
                                           E-mail:DCard@Consumerlaworg.com
                                           Consumer Law Organization, P.A.
                                           721 US Highway 1, Suite 201
                                           North Palm Beach, Florida 33408
                                           Telephone: (561) 822-3446
                                           Facsimile: (305) 574-0132